UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| GARY SCOTT HANCOCK, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:25-CV-137-CHB |
| ) | |
| v. ) | |
| ) | |
| CHRISTINE HILLIARD, WARDEN,[1] ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Gary Scott Hancock has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] The Court screens the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).[2]

In February 2019, Hancock was indicted in St. Louis, Missouri, for knowingly and intentionally distributing fentanyl in violation of 21 U.S.C. § 841(a). *See United States v. Hancock*, No. 4:19-CR-146-SRC-1 (E.D. Mo. 2019), [R. 16]. Because the recipient died as a result of his

---

[1] **Error! Main Document Only.**   Hancock named but did not identify the warden of the Federal Correctional Institution in Manchester, Kentucky, where he is confined, as the respondent in this proceeding. [R. 1, p. 1.] The Court will substitute Warden Christine Hilliard as the proper respondent. *See Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018) (*citing Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). **Error! Main Document Only.**

[2]   A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates the petition under a more lenient standard because Hancock is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

use of the fentanyl, Hancock faced a mandatory minimum of 240 months imprisonment. *See id.*; 21 U.S.C. § 841(b)(1)(C). Hancock reached an agreement to plead guilty to that charge, and in April 2021 the trial court imposed the 240-month sentence. [R. 112 therein.] Hancock did not appeal or file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

In his current petition, Hancock asserts that his Sixth Amendment right to the effective assistance of counsel was violated because his attorney did not adequately investigate his case, did not present mitigating evidence, coerced him to plead guilty, and misrepresented the sentencing range he faced. *See* [R. 1, p. 6]; [R. 1-1, pp. 1–10.] He also asserts that the prosecution engaged in misconduct by threatening to charge him with additional felony counts if he did not plead guilty. *See* [R. 1, p. 6]; [R. 1-1, pp. 12–14.] Hancock also argues that the trial court should have treated his diminished mental capacity at the time he committed the offense as a mitigating factor when determining his sentence under U.S.S.G. § 5K2.13. [R. 1, p. 6]; [R. 1-1, pp. 10–12.] Finally, he contends that his twenty-year sentence is impermissibly disparate in comparison to those imposed upon other, similarly-situated defendants. [R. 1, p. 6]; [R. 1-1, pp. 17–19.][3] For relief, he asks this Court to reduce his sentence or vacate it entirely. [R. 1, p. 7.]

Hancock states that he has not asserted these claims before because his plea agreement included a collateral attack waiver that prevented him from filing a Section 2255 motion. [R. 1, pp. 2–4.] However, he notes that the waiver expressly excepted from its scope claims of ineffective assistance of counsel and prosecutorial misconduct. *Id.* at 4. Notably, two of Hancock's § 2241 claims are precisely those. *Id.* at 6. Because Hancock's claims of ineffective assistance and

---

[3] Hancock has made the same or substantially identical arguments in two motions he recently filed in the trial court seeking modification of his sentence. *See* [R. 116, R. 118 therein]. Both motions remain pending as of this writing.

prosecutorial misconduct fall outside the scope of the collateral attack waiver, he could and should have asserted them by motion under Section 2255. He did not. Having failed to do so, Hancock may not now attempt to raise those claims in a habeas corpus petition under Section 2241. *Cf. Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003), *abrogated in part by Jones v. Hendrix*, 599 U.S. 465 (2023); *see also Charles v. Chandler*, 180 F.3d 753, 757–58 (6th Cir. 1999).

More fundamentally, this Court lacks habeas jurisdiction over *any* of Hancock's claims. Claims of ordinary trial error—the only kind Hancock asserts here—must be asserted by motion under Section 2255. *See Charles*, 180 F. 3d at 757 (finding that claims that counsel was constitutionally ineffective and that guilty plea was not voluntary are incognizable under § 2241); *Thompson v. Ormond*, No. CV 18-1-DLB, 2018 WL 11463516, at *2 (E.D. Ky. Jan. 6, 2018) (dismissing § 2241 petition because prisoner's "claim that his right to effective assistance of counsel, guaranteed by the Sixth Amendment, is a constitutional claim of ordinary trial error which can, and therefore must, be pursued on direct appeal or in an initial motion under § 2255"); *Wheeler v. Martin*, 728 F. App'x 377 (5th Cir. 2018) (claim of prosecutorial misconduct not cognizable in § 2241 petition); *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (same); *Orr v. United States*, 800 F. App'x 705, 707 (11th Cir. 2020) (claim of impermissible sentencing disparity must be pursued by motion under § 2255); *Banks v. United States*, No. A. 1:10-CV-0249, 2013 WL 441986, at *3 (S.D.W. Va. Jan. 16, 2013) (claim that trial court failed to consider mitigating factors when imposing sentence in violation of 18 U.S.C. § 3553 are properly considered under § 2255, not § 2241), *report and recommendation adopted*, 2013 WL 442687 (S.D.W. Va. Feb. 5, 2013). The Court must therefore dismiss the petition for lack of jurisdiction.

Finally, Hancock makes an extraneous claim unmentioned in his petition but set forth in his memorandum in support of it. *See* [R. 1-1, pp. 14–16.] Hancock argues that the Bureau of

Prisons ("BOP") did not place him in close proximity to his residence as required by 18 U.S.C. § 3621(b). For relief, he asks the Court to "[c]onsider the improper placement as part of any evaluation of 'extraordinary and compelling' circumstances under 18 U.S.C. § 3582(c)(1)(A)." *See* [R. 1-1, p.16].

This argument is procedurally improper. Because they implicate wholly different procedural and substantive rules, the Court will not entertain a challenge to the BOP's *execution* of a sentence in the same petition in which the prisoner challenges its *validity* in the first instance. *Cf. Reed v. Clarke*, No. 7:22CV00257, 2022 WL 1960512, at *1 n.1 (W.D. Va. June 6, 2022). Second, unlike a claim invoking the savings clause of Section 2255(e), a claim that the BOP is not properly executing a sentence must be administratively exhausted before it may be asserted. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Third, a habeas court whose jurisdiction is predicated upon Section 2241 has no authority to grant compassionate release under Section 3582(c)(1)(A); that relief can only be sought by filing an appropriate motion in the sentencing court. *See Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020) (noting that "although the BOP has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment"). Further, "[a] district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress." *Id*. at 838.

Accordingly, it is **ORDERED** as follows:

1. Hancock's petition for a writ of habeas corpus, [**R. 1**], is **DISMISSED** for lack of jurisdiction.

2. This matter is **STRICKEN** from the docket.

- 5 -

This the 13th day of November, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY